I2CARTER, Judge.
This appeal involves a penalty enforcement proceeding before the Department of Environmental Quality (DEQ).

BACKGROUND

K.C. Landfill operates a construction and demolition solid waste disposal site in Orleans Parish. On July 5, 1990, the Solid Waste Division of DEQ cited K.C. Landfill for various violations, which allegedly occurred on April 17, 1990. On December 3, 1990, K.C. Landfill was assessed a penalty in the amount of $15,475.00.
Thereafter, on January 2,1991, K.C. Landfill filed a request for a hearing to review the penalty notice. On October 24, 1991, the penalty notice previously issued was dismissed without prejudice on the grounds that the penalty policy had not been properly promulgated under the Administrative Procedures Act, and DEQ was given until November 15, 1991, to reissue a new penalty pursuant to LSA-R.S. 30:2025.
When the new penalty was not assessed within the time period set forth in the October 24, 1991, order, K.C. Landfill filed a motion to dismiss pursuant to LSA-C.C.P. art. 934. In response thereto, DEQ filed a motion to extend the time within which to reassess the penalty. By order, dated March 18, 1992, K.C. Landfill’s motion to dismiss was granted without prejudice.

FACTS

On April 7, 1992, DEQ issued an amended penalty notice, assessing K.C. Landfill with a penalty of $28,150.00. On April 27, 1992, K.C. Landfill filed a request for a hearing to review the amended penalty notice.
On May 5, 1993, K.C. Landfill filed a motion to dismiss and, alternatively, a motion for summary judgment. In its motions, K.C. Landfill argued that the second penalty of $28,150.00 was arbitrary, capricious, and vio-lative of certain constitutional protections. After a hearing, the hearing officer denied the motion for summary judgment on the grounds that summary judgment was inappropriate to determine subjective facts.
^Thereafter, the matter proceeded to a hearing on the merits, which was held on June 24, 1993. After hearing all of the evidence, which consisted of the testimony of witnesses and various documentary evidence, the hearing officer rendered her findings of fact and conclusions of law on November 29, 1993. In her findings, the hearing officer determined that the facts supported the imposition of a penalty and set the penalty in the amount of $12,500.00.
On January 3, 1994, K.C. Landfill filed a motion for review of the hearing officer’s judgment with the Secretary of DEQ pursuant to the provisions of LSA-R.S. 30:2018 D. By order, dated March 9,1994, the Secretary denied K.C. Landfill’s motion for review on the grounds that it was not filed timely.
On April 11, 1994, K.C. Landfill filed a petition for judicial review with the 19th Judicial District Court pursuant to LSA-R.S. 49:964 and a request for a stay order pursuant to LSA-R.S. 49:964 C. On April 18, 1994, the trial judge issued a stay order, staying the decision of DEQ imposing a penalty until the appeal of that decision is heard. DEQ filed exceptions pleading the objections of lack of subject matter jurisdiction and res judicata. After a hearing on the exceptions, the trial court granted the exception pleading the objection of lack of subject matter jurisdiction, finding that the court of proper jurisdiction for the petition for judicial review was the First Circuit Court of Appeal. The matter was transferred to this court by order, dated August 15, 1994. Thereafter, on October 26, 1994, this court issued an order, recognizing the petition for judicial review *1357 filed in the 19th Judicial District Court as a motion for appeal.
On appeal, K.C. Landfill assigns the following specifications of error:
(1) The hearing officer erred in denying K.C. Landfill’s motion to dismiss with prejudice because of DEQ’s willful disregard of the deadline set for reassessing a second penalty.
(2) The hearing officer erred in denying K.C. Landfill’s motion for summary judgment because there was no genuine issue of fact as to the procedure followed in assessing the second higher penalty and, as a matter of law, said penalty was arbitrary, capricious and vindictive.
(3) The November 29, 1993 judgment assessing a $12,500 penalty against K.C. Landfill is manifestly erroneous and viola-tive of constitutional and statutory protections.
UOn December 6,1995, DEQ filed a motion to dismiss K.C. Landfill’s petition for judicial review on the grounds that it was filed untimely. Accompanying DEQ’s motion was a memorandum in support of the motion to dismiss. In its motion and memorandum, DEQ contends that the motion for review of the hearing officer’s decision was not filed with the Secretary of DEQ within the thirty-day time constraint and that K.C. Landfill had failed to file an appeal with the courts timely.
On December 6, 1995, this court issued a show cause order, ordering the parties to show cause, by briefs, filed on or before December 21, 1995, why K.C. Landfill’s appeal should not be dismissed. K.C. Landfill failed to file a brief within the time constraints set forth in the December 6, 1995, order. Then, on January 23, 1996, this court issued another order, ordering K.C. Landfill to file a brief in response to the motion to dismiss at or before 4:00 p.m. on January 26, 1996.
On January 29, 1996, K.C. Landfill filed a brief in opposition to the motion to dismiss. In the brief, K.C. Landfill contends that its appeal is timely in that its petition for review was filed timely with the Secretary of DEQ.

MOTION TO DISMISS

The following dates are pertinent to the issues presented in the motion to dismiss:
Judgment imposing fine rendered by hearing officer: 11/29/93
Hearing officer’s judgment mailed to K.C.
Landfill: 11/29/93
K.C. Landfill received hearing officer’s judgment: 12/2/93
K.C. Landfill filed motion for review with the Secretary of DEQ: 1/3/94
Secretary of DEQ denied motion for review as untimely: 3/9/94
Judgment mailed to K.C.
Landfill: 3/9/94
K.C. Landfill received judgment: 3/11/94
K.C. Landfill filed peti- >
tion for judicial review of 11/29/93 judgment: 4/11/94
bln support of its motion to dismiss, DEQ argues that there are three statutorily authorized methods governing the calculation of the time periods for a review of a decision or order of DEQ.
A. LSA-R.S. 30:2018D.
LSA-R.S. 30:2018 addresses the powers and duties of DEQ hearing officers, and Section D provides, in pertinent part, as follows:
Except where the secretary is to make the final decision, each such order or decision [by the hearing officer] shall become final as to any party thirty days after the mailing of a copy to that party, unless within that time the party files a written motion for review stating the specific grounds upon which the review is requested. Upon receipt of the motion for review, the secretary may:
(1) Deny the motion, at which time the order or decision shall become final; or
*1358 (2) Grant the motion as to one or more of the grounds on which the review is requested and:
(a) Remand the matter with instructions to the hearing officer;
(b) Overrule the decision or order of the hearing officer and render a contrary decision or order based on the record developed by the hearing officer; or
(c) Hold new hearings or collect additional evidence or both and render his own decision or issue his own order thereon.
In the instant case, the parties do not contend nor does the law require the secretary to make the final decision following an adjudicatory hearing enforcing the imposition of a penalty. Therefore, pursuant to LSA-R.S. 30:2018 D, in order to have the decision of the hearing officer reviewed by the secretary of DEQ, the aggrieved party has thirty days from the date of the mailing of the hearing officer’s decision to file a petition for review. Under LSA-R.S. 30:2018 D, the failure to timely file a request for a review with the secretary results in the finality of the hearing officer’s decision.
In opposition to the motion to dismiss, K.C. Landfill contends that, under Rule 8.0 of the Louisiana Environmental Control Commission’s Rules of Procedure, it had ten days after the rendition of the judgment by the hearing officer on November 29, 1993, in which to apply for a rehearing. After the expiration of this time (which was ^December 9,1993), the thirty-day period set forth in LSA-R.S. 30:2018 D began to run. K.C. Landfill contends that its petition for review, which was filed with the secretary on January 3, 1994, was within the thirty-day time period set forth in LSA-R.S. 30:2018 D. As such, K.C. Landfill reasons that its petition for review was filed timely.
Rehearings are addressed in Rules 8.0 through 8.2 of the Rules of Procedure for the Environmental Control Commission. At all times pertinent hereto, Rule 8.0 provided, in pertinent part, as follows:
A decision or order in a case of adjudication shall be subject to rehearing, reopening or reconsideration within ten (10) days from the date of its entry.
The rule also sets forth the specific grounds when a rehearing is warranted. Further, Rule 8.1 provides that “[i]f an application for rehearing is filed timely, the period within which an appeal to the Commission or judicial review, under the applicable statute, must be sought shall run from the final disposition of such application.”
In the instant case, the hearing officer rendered her opinion on November 29, 1993. To request a rehearing, K.C. Landfill was required to file a request for such within ten days. K.C. Landfill did not file an application for a rehearing, and the record is devoid of any such request. Rule 8.1 clearly reveals that, if an application for rehearing is filed timely, the appeal delays do not commence to run until disposition of such application. However, under the Rules of Procedure for the Environmental Control Commission, the appeal delays are not extended, if the party fails to file an application for rehearing. K.C. Landfill’s argument is without merit.
Therefore, we must determine whether K.C. Landfill filed its petition for review with the secretary within thirty days from the mailing of the decision. In the instant case, the decision of the hearing officer was mailed to the parties on November 29, 1993. Thus, K.C. Landfill had until December 29,1993, to file a motion for review with the secretary. However, K.C. Landfill did not file a petition for review until January 3, 1994. Therefore, under LSA-R.S. 30:2018 D, the petition for review was untimely. As such, under LSA-R.S. 30:2018 D, the November 29,1993, decision of the hearing officer became the final decision of DEQ.
^Thereafter, K.C. Landfill was required to seek judicial review of the DEQ determination pursuant to LSA-R.S. 30:2024 or LSA-R.S. 30:2025 E(6).
B. LSA-R.S. 30:2024 C.
LSA-R.S. 30:2024 C addresses appeals from final decisions by DEQ. See Matter of *1359 Recovery I, Inc., 93-0441 (La.App. 1st Cir. 4/8/94); 635 So.2d 690, writ denied, 94-1232 (La.7/1/94); 639 So.2d 1169; Matter of Supplemental Fuels, Inc., 94-1596 (La.App. 1st Cir. 5/9/95); 656 So.2d 29. Pursuant to LSA-R.S. 30:2024 C, a person aggrieved by a final decision or order of the secretary may appeal therefrom to the Court of Appeal, First Circuit, if a motion for appeal is filed within thirty days of service of the final decision or order.
In the instant case, when K.C. Landfill failed to timely file its petition for review with the secretary in accordance with LSA-R.S. 30:2018 D, the decision of the hearing officer became the final decision of DEQ. Therefore, pursuant to LSA-R.S. 30:2024 C, K.C. Landfill was required to seek judicial review of this decision within thirty days after the final decision was served. The record reflects that the hearing officer rendered judgment on November 29, 1993. K.C. Landfill received the final decision of DEQ on December 2, 1993. Accordingly, pursuant to LSA-R.S. 30:2024 C, K.C. Landfill had until January 3,1994, to file a petition for judicial review. However, K.C. Landfill did not file its petition for judicial review until April 11, 1994,[2] which was outside the thirty-day time period set forth in LSA-R.S. 30:2024 C. As such, the appeal was untimely.
C. LSA-R.S. 30:2025 E(6).
LSA-R.S. 30:2025 addresses enforcement proceedings generally. LSA-R.S. 30:2025 E sets forth civil penalties for violations of the Louisiana Environmental Quality Act, LSA-R.S. 30:2001 et seq. LSA-R.S. 30:2025 E(6) sets forth the delays for appealing the assessment of a civil penalty and provides as follows:
A person appealing a penalty assessed in an amount in excess of five thousand dollars ... may appeal devolutively or may appeal suspensively to a court of competent jurisdiction by posting security as provided in Code of Civil Procedure Article 2124.
IsSuspensive and devolutive appeal delays are thirty and sixty days, respectively. See LSA-C.C.P. arts. 2123 and 2087.
In the instant ease, the hearing officer imposed a penalty in excess of $5,000.00 against K.C. Landfill on November 29, 1993. K.C. Landfill filed a petition for judicial review with the 19th Judicial District Court on April 11, 1994, which this court has determined constituted a motion for appeal with this court. This pleading, which was filed 133 days from the date of the judgment, was filed outside the delays for a suspensive or devolutive appeal.
Considering all of the above, the motion to dismiss K.C. Landfill’s appeal is granted, and K.C. Landfill’s appeal is dismissed as untimely. K.C. Landfill did not appeal the hearing officer’s decision timely as set forth above. Because we have determined that K.C. Landfill did not preserve its right to seek review of the hearing officer’s decision, it is unnecessary to address the merits of its appeal.

CONCLUSION

For the above reasons, the motion to dismiss is granted, and K.C. Landfill’s petition for appeal is dismissed as untimely. K.C. Landfill is cast for all costs associated with this motion and the appeal.
MOTION GRANTED, APPEAL DISMISSED.

. The petition for judicial review was filed with the 19th Judicial District Court, which this court has determined constituted a motion for appeal with this court.